UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| JULIAN M. HANSAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:17-CV-939 JD |
| | ) | |
| UNNAMED WARDEN AT RDC, *et. al.*, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

Julian M. Hansan, a *pro se* prisoner, filed a complaint containing unrelated claims. "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, [u]nrelated claims against different defendants belong in different suits[.]" *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

> A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot. Joinder that requires the inclusion of extra parties is limited to claims arising from the same transaction or series of related transactions. *See* Fed.R.Civ.P. 18, 20; *George v. Smith*, 507 F.3d 605 (7th Cir.2007). (To be precise: a plaintiff may put in one complaint every claim of any kind against a single defendant, per Rule 18(a), but a complaint may present claim # 1 against Defendant A, and claim # 2 against Defendant B, only if both claims arise "out of the same transaction, occurrence, or series of transactions or occurrences". Rule 20(a)(1)(A).)

*Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012).

Here, Hansan's claims belong in two separate lawsuits. First, he is suing the Warden, Corizon Medical, and Nurse Ari for denying him both medical treatment and accommodations for his back injury while he was housed at the Reception Diagnostic Center. ECF 1 at 3-6. Second, Hansan is suing Nurse Practitioner Jody for her refusal to acknowledge or treat his medical problems

1

while he was housed at the Westville Correctional Facility. ECF 1 at 7. Here, it appears that the only thing that connects these claims is that each involves Hansan's medical treatment since he has been in the custody of the Indiana Department of Corrections. But they involve different defendants, different incidents that took place on separate dates, and involve different sets of operative facts. Thus, these claims do not belong in the same lawsuit.

When a *pro se* prisoner files a suit with unrelated claims, it is the practice of this court to allow him to decide which claim (or related claims) to pursue in the instant case and to allow him to decide when (or if) to bring the other claims in separate suits. *See id*. This is the fairest solution because "the plaintiff as master of the complaint may present (or abjure) any claim he likes." *Katz v. Gerardi*, 552 F.3d 558, 563 (7th Cir. 2009).

For these reasons, the court:

(1) **DIRECTS** the clerk to place this cause number on a blank Prisoner Complaint (INND Rev. 8/16) and send it to Julian M. Hansan;

(2) **GRANTS** Julian M. Hansan, until **January 22, 2018**, to file one amended complaint in this case; and

(3) **CAUTIONS** Julian M. Hanson that if he does not respond by that deadline, this case will be dismissed without further notice pursuant to Federal Rule of Civil Procedure 41(b).

SO ORDERED.

ENTERED: December 20, 2017

        /s/ JON E. DEGUILIO
Judge
United States District Court